**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **ADAN DE JESUS PRUDENTE, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**BROTHER'S BAKERY CAFE CORP. d/b/a BROTHER'S BAKERY CAFE, ANTONIO I. SALINAS, and OSCAR A. SALINAS, Jointly and Severally,**<br><br>**Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Adan De Jesus Prudente (the "Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff worked for Defendants as a dishwasher, porter, cleaner, packing employee, and delivery employee, at their bakery café located in Manhattan, New York.  For his work, during

his employment with Defendants, Plaintiff was not paid minimum wages for all hours worked and was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.    Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unpaid spread-of-hours premiums, unlawfully withheld gratuities, and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.    Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants during the relevant NYLL limitations period.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive

Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020.

## THE PARTIES

**Plaintiff:**

8.     <u>Plaintiff Adan De Jesus Prudente</u> ("De Jesus") was, at all relevant times, an adult individual residing in New York County, New York.

9.     Throughout the relevant time period, Plaintiff performed work for Defendants at their bakery/deli café located at 2155 Second Avenue, New York, New York 10029.

10.     Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**<u>Defendants</u>:**

11.     <u>Brother's Bakery Cafe Corp.</u> is an active New York Corporation doing business as "Brother's Bakery Café" ("Brother's Bakery Café" or the "Corporate Defendant"), with its principal place of business at 2155 Second Avenue, New York, New York 10029.

12.     According to the New York State Department of State, Division of Corporations, Brother's Bakery Cafe Corp. was registered on December 30, 2014.

13.     At all relevant times, the Corporate Defendant was and continues to be a "corporation engaged in commerce" within the meaning of the FSLA.

14.     Upon information and belief, <u>Defendant Antonio I. Salinas</u> ("A. Salinas") is an owner and operator of the Corporate Defendant.

15.     Upon information and belief, <u>Defendant Oscar A. Salinas</u> ("O. Salinas") is an owner and operator of the Corporate Defendant.

16.     Defendants A. Salinas and O. Salinas are hereinafter referred to collectively as the "Individual Defendants" and, together with the Corporate Defendant, the "Defendants."

17.     The Individual Defendants maintained operational control over the Corporate Defendant by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

18.     The Individual Defendants jointly employed Plaintiff, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

19.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the

Defendants' other similarly situated employees and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

20.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

22.     At all relevant times, Plaintiff, the opt-in plaintiffs, and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

23.     Upon information and belief, at all relevant times, the Corporate Defendant have had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since January 22, 2018, and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Brother's Bakery Cafe located at 2155 Second Avenue, New York, New York 10029 (the "Collective Action Members").

25.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required

minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

26.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

27.     Pursuant to the NYLL, Plaintiff brings his Third through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since June 8, 2014, and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at Brother's Bakery Café located at 2155 Second Avenue, New York, New York 10029 (the "Class Members").

28.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

29.     The Class Members are so numerous that joinder of all members is impracticable.

30.     Upon information and belief, there are well in excess of forty (40) Class Members.

31.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

> a.   whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;
>
> b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;
>
> c.   whether Defendants failed and/or refused to pay Plaintiff and the Class

6

Members at least minimum wage for all hours worked each workweek;

d.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e.  whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts or split shifts in excess of ten (10) hours;

f.  whether Defendants illegally retained gratuities left by customers and failed to pay all such gratuities to Plaintiff and the Class Members;

g.  whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

h.  whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

i.  whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

j.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

32.  Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was a bakery/deli employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid minimum wage for

all hours worked, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, not paid spread-of-hours premiums when working a shift and/or split shift of ten (10) or more hours, was not paid all gratuities to which he was entitled, and was not provided proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

33.    <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

34.    Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

35.    <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

36.    Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

37.    The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Bakery/Café

38.    Defendants have owned and operated Brother's Bakery Café located at 2155 Second Avenue, New York, New York 10029 since its inception, and Defendants have been in the

food and hospitality industry for several decades, including more than ten (10) years as business owners.

39.     Upon information and belief, Defendants have owned and operated, another bakery/deli café called MY NY Bakery Café, located at 1565 Lexington Avenue, New York, New York 10029, since in or around 2011.

40.     According to Defendants' website, *"…Brother's Bakery Café is the lifelong dream of brothers, Antonio and Oscar, who have close to forty years of baking experience. The brother's (sic) have worked for several successful companies, such as the Vinegar Factory, Eli Zaabars (sic), and Tom Car Bakery. Seeing there was a need in the neighborhood for an establishment that offered both quality baked goods and café style food at a reasonable in a pleasant and comfortable setting they decided to venture into the retail service…"* (*See* https://brothersbakerycafe.com/).

41.     Throughout the relevant time period, the Individual Defendants have owned, operated and managed Brother's Bakery Café through the Corporate Defendant, since in or around 2014.

42.     Upon information and belief, and during the relevant time period, Defendants A. Salinas and O. Salinas, were a constant presence at Brother's Bakery Café where they manage the operations of bakery/deli and take an active role in ensuring that the place is run in accordance with their procedures and policies.

43.     Upon information and belief, at all relevant times, the Individual Defendants have had power over payroll and personnel decisions at Brother's Bakery Café, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

**Plaintiff's Work for Defendants**

44.     **Plaintiff Adan De Jesus Prudente** was employed by Defendants as dishwasher, porter, cleaner, packing employee, and delivery employee, from in or around August 2017 to in or around October 2019, and later when he come back to work for Defendants for the entire month of January 2020 (collectively, the "De Jesus Employment Period").

45.     Throughout the De Jesus Employment Period, Plaintiff De Jesus was scheduled to work six (6) days per week, with most Tuesdays off. Plaintiff De Jesus' schedule was typically Mondays through Fridays from approximately 10:30 am to approximately 8:00 pm and sometimes longer, and Saturdays and Sundays from approximately 10:30 am to approximately 8:30 pm and sometimes longer, for a total of approximately fifty-eight (58) to sixty (60) hours per week.

46.     For his work, from the beginning of his employment period in or around August 2017 to in or around October 2019, Plaintiff De Jesus was paid a purported salary in the amount of four hundred dollars ($400.00) per week for all hours worked, including those beyond forty (40) in a given workweek.  When Plaintiff De Jesus came back to work for Defendants for a short second period, he was offered the amount of fifteen dollars ($15.00) per hour; however, Plaintiff De Jesus never received that amount for his wage payment.  Instead, during the entire month of January 2020, Plaintiff De Jesus was paid with a purported salary in the amount of five hundred and fifty dollars ($550.00) per week, for all hours worked, including those beyond forty (40) in a giving workweek.

47.     Throughout the De Jesus Employment Period, approximately 80% of Plaintiff's work was non-tip generating tasks inside the bakery/deli, , while he dedicated the remaining approximately 20% of his time to work as a delivery employee on a bicycle.

48.     When performing deliveries, if Plaintiff De Jesus received a tip in cash from

10

customers of the bakery/deli, Plaintiff was able to keep those tips.  However, due to the nature of Defendants' business, the tips clients left for employees at the bakery were almost always left in credit card through platforms such as GrubHub, Doordash, Seamless, Postmates.com, Delivery.com, among others.   During the De Jesus Employment Period, Plaintiff never received any of the gratuities left by customers of the bakery on credit card payment.

49.    During the De Jesus Employment Period, Plaintiff De Jesus was not paid the legally-required minimum wages for all hours worked and was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each workweek.

50.    Throughout the De Jesus Employment Period, Plaintiff De Jesus was not allowed to take breaks during his shifts, let alone a thirty (30)-minute uninterrupted meal break.  If Plaintiff De Jesus was able to take some time to rest during his shifts, his break typically lasted only between ten (10) to twenty (20) minutes.

51.    Throughout the De Jesus Employment Period, Plaintiff De Jesus was paid weekly from the hands of the owners of the bakery/deli.  Plaintiff De Jesus received his wages entirely in cash, without a pay stub or any other wage statement that provided information about hours worked during the pay period or the wage rate(s) paid during the workweek.  In order to receive his weekly wages, Plaintiff De Jesus was required to sign a document, the information on which he was not able to understand and which was not explained to him by Defendants.

52.    Throughout the relevant time period, Defendants tracked the hours worked by Plaintiff De Jesus and other employees at the bakery/deli through a time clock.  However, Plaintiff De Jesus and other employees at the bakery regularly complained to the Individual Defendants regarding the fact that the machine was not accurate or reliable in the way it was recording the number of hours worked by the employees during the workweek. Specifically, the timeclock

frequently provided Plaintiff De Jesus and other employees an inaccurate number on hours worked which was always fewer than the actual number of hours worked during a given workweek.

53.     Throughout the De Jesus Employment Period, although Plaintiff De Jesus frequently worked a spread of more than ten (10) hours per day, he did not receive spread-of-hours premiums equal to an additional hour at the applicable minimum wage for such days.

54.     Throughout the De Jesus Employment Period, Plaintiff De Jesus was not provided with a wage notice when he was hired, or proper wage statements with his wage payments each week.

**Defendants' Unlawful Corporate Policies**

55.     Plaintiff and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, and spread-of-hours premiums.

56.     Plaintiff has spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked. Defendants' failure to pay Plaintiff minimum wages for all hours worked is a corporate policy of Defendants which applies to all of their non-management employees throughout the Class Period.

57.     Plaintiff has spoken with other employees of Defendants which were also subjected to an unlawful withholding of their gratuities during their employment period with Defendants. Defendants' practice to unlawfully withheld gratuities from Plaintiff and other employees for which they were entitled, is a corporate policy of Defendants which applies to all of their non-management employees doing delivery work throughout the Class Period.

58.     Plaintiff has spoken with other employees of Defendants who were similarly paid a purported salary each week, which did not include overtime premium compensation for hours

worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applies to non-management employees throughout the relevant time period.

59.     Defendants' failure to pay Plaintiff spread-of-hours premiums for days in which Plaintiff has worked a spread of more than ten (10) hours and/or a split shift has been a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours in a day and/or a split shift throughout the relevant time period.

60.     Defendants' policies of paying certain employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

61.     Defendants have not provided Plaintiff or their other employees with wage notices at the time of hire or by February 1 of each year.

62.     Throughout the relevant time period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment.  Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half their regular rate when working in excess of forty (40) hours per week.

63.     Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with wage notices at hiring or proper wage statements with their wage payments on a weekly basis.

64.     Upon information and belief, throughout the relevant time period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

65.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

67.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

69.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated

and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

71.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Class Members)**

73.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

75.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

76.      Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77.      Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

78.      Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiff and the Class Members)**

79.      Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.      Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day,

16

in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

81.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNLAWFUL WITHHOLDING OF GRATUITIES**
**(Brought on Behalf of Plaintiff and the Class Members)**

82.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Defendants have willfully failed to compensate Plaintiff and the Class Members for all gratuities earned by withholding and retaining one hundred percent (100%) of the tips left by the customers for the Plaintiff and Class Members in credit card, in violation of § 196-d of the New York Labor Law. Accordingly, Defendants are required to compensate Plaintiff and the Class Members for all gratuities withheld by Defendants.

84.     Due to the Defendants' New York Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid gratuities, damages for unreasonably delayed payment of wages liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et al.*, 196-d.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES
### (Brought on Behalf of Plaintiff and the Class Members)

85.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

87.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**EIGHTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiff and the Class Members)**

88.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

90.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

i.      An award of damages arising out of the unlawfully-withheld gratuities under the NYLL;

j.     Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

k.     Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

l.     An award of prejudgment and post-judgment interest;

m.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        January 22, 2021

                                                Respectfully submitted,

                                                **PELTON GRAHAM LLC**

                                                By: _____
                                                Brent E. Pelton (BP 1055)
                                                pelton@peltongraham.com
                                                Taylor B. Graham (TG 9607)
                                                graham@peltongraham.com

21

111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

**Notice of Shareholder Liability for Services Rendered
Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholder of BROTHER'S BAKERY CAFE CORP. are hereby notified that the plaintiff in this matter, individually and on behalf of the putative FLSA collective and the Class he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of BROTHER'S BAKERY CAFE CORP. and charge you with indebtedness of said corporations to the plaintiffs for services performed for the corporations as employees during the six (6) year period preceding the filing of the complaint.

Services for the above-referenced corporations concluded for Plaintiff within the past 180 days.

Dated:  January 22, 2020

_____
Brent. E. Pelton

### CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Brother's Bakery Café Corp. and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and prevailing wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

ALAN PRudente
Signature

AdAn PRudente
Printed Name

### CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Brother's Bakery Café Corp. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que, si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

ALAN PRudente
Firma

AdAn PRudente
Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.