UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/19/2021

ADAN DE JESUS PRUDENTE,

       Plaintiff,

v.

BROTHER'S BAKERY CAFÉ CORP., et al.,

       Defendants.

21-cv-594 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  Plaintiff Adan de Jesus Prudente brings this action against Brother's Bakery Café Corp, Antonio Salinas, and Oscar Salinas, raising claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After engaging in an arms-length negotiation through the Southern District of New York's mediation program, the parties reached an agreement to resolve this litigation. *See* Dkt. 18. Before the Court is the parties' motion for approval of the agreement. *Id*. For the following reasons, the parties' settlement agreement is approved.

## LEGAL STANDARD

  District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of circumstances including "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted).

## DISCUSSION

### I.     The Settlement Amount

Having reviewed the parties' proposed agreement and the letter in support of their motion for settlement approval, the Court finds that the settlement amount is fair and reasonable. Under the proposed agreement, Defendants have agreed to pay Plaintiff a total of $12,500, a portion of which ($4640.53) is reserved for attorney's fees and costs. The parties note that the extent of Plaintiff's possible recovery is difficult to discern, in light of their substantive disagreement over the underlying facts. Although Plaintiff estimates that his range of possible recovery extends to approximately $50,000, Defendants dispute the factual bases for Plaintiff's claims. Plaintiff's recovery through litigation would accordingly depend on his ability to demonstrate that the time records and wage statements maintained by Defendants are inaccurate. Considering the "legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement," *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N. Y, 2016), and the resulting "uncertainty of recovering any damages if the litigation continues," *Wiles v. Logan Staffing Sols., Inc.*, No. 18-CV-9953 (RA), 2020 WL 996735, at *1 (S.D.N.Y. Mar. 2, 2020), the Court finds the settlement amount to be reasonable.

### II.     Attorney's Fees

The Court has also reviewed Plaintiff's counsel's contemporaneous time records and approves the proposed attorney's fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). The agreement provides that Plaintiff's counsel shall receive $710.80 in costs and $3,929.73 in fees (which works out to precisely one third of the settlement amount after subtracting litigation costs). "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007

(VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). As such, the Court concludes that these proposed attorney's fees are reasonable as a fair percentage of the net award.

### III. Release Provisions

The Court next finds that the release of claims provided for in the Agreement is appropriately limited in scope. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiff has agreed to release Defendant only "from any and all claims in this action and from any and all labor claims," including claims under the FLSA, NYLL, and other wage-and-hour regulations. *See* Dkt. 18-2 ¶ 3(a). This release of claims is limited to the wage-and-hour issues asserted in this action or related claims that could have been asserted. Similar releases are routinely approved. *See Sanders v. CJS Sols. Grp., LLC*, No. 17 CIV. 3809 (ER), 2018 WL 1116017, at *2 (S.D.N.Y. Feb. 28, 2018) (release of claims "that were or could have been asserted" in the action "[fell] well within the scope of permissible releases under *Cheeks*"). The release provisions are accordingly approved.

### IV. Non-Disparagement Provision

Finally, Courts must carefully scrutinize confidentiality and non-disparagement provisions in FLSA settlement agreements in order to ensure that they do not undermine the broad remedial goals of the FLSA. *See Nights of Cabiria*, 96 F. Supp. 3d at 176; *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The parties' proposed agreement does not contain a confidentiality provision. It does, however, obligate the parties to refrain from "engag[ing] in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging . . ., denigrating or

3

criticizing one another." Dkt. 18-2. The non-disparagement clause, however, contains a carve-out: it provides that it will not operate to "preclude the parties from truthfully communicating their experiences concerning the Action or the settlement." *Id*. "[N]on-disparagement clauses are [not] *per se* objectionable," and may be fair and reasonable so long as they "include a carve-out for truthful statements about plaintiffs' experience litigating their case." *Lazaro-Garcia*, 2015 WL 9162701, at *3; *see also Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018) (approving non-disparagement clause that included such a carve-out); *Cortes v. New Creators, Inc.*, No. 15 CIV. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (same). Because the parties have included the requisite "carve-out," the Court concludes that the non-disparagement clause is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the Agreement and dismisses this action with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 18 and to close this case.[1]

SO ORDERED.

Dated:  May 19, 2021
        New York, New York

Ronnie Abrams
United States District Judge

---

[1] The Court notes that the parties submitted, together with their *Cheeks* submissions, a fully excited AO 85 form, jointly consenting to proceed before a magistrate judge. In light of the fact that this Court has approved the proposed settlement in full, it assumes there is no longer a need to refer the case to a magistrate judge. If the parties disagree, and seek to re-open the case for purposes of that referral, they shall notify the Court no later than May 26, 2021.